```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Rick Dale Fannin,

    Plaintiff,

  v.                              Case No. 2:13-cv-1097

                                        CHIEF JUDGE EDMUND A. SARGUS, JR.
Commissioner of Social            Magistrate Judge Kemp
Security,

    Defendant.

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff, Rick Dale Fannin, filed this action seeking review of a decision of the Commissioner of Social Security denying his application for disability insurance benefits. On March 11, 2015, this Court sustained his statement of errors and remanded the case to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four.

On June 2, 2015, Plaintiff filed a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. The Commissioner has filed an opposing memorandum, and Plaintiff has filed a reply. For the following reasons, it will be recommended that the motion for attorneys' fees be denied.

### II. Background

The Administrative Law Judge denied benefits in this case, finding that although Plaintiff could only do a reduced range of sedentary work, he had transferable job skills, and that he could do certain jobs identified by a vocational expert which were consistent with his physical limitations. In his statement of errors seeking reversal of that decision, Plaintiff raised two issues: (1) the ALJ did not properly evaluate the opinions of the treating physician, Dr. Carroll; and (2) the ALJ did not

properly evaluate Plaintiff's credibility.  Although these contentions were initially rejected by the Magistrate Judge, the District Judge held that the ALJ's rejection of Dr. Carroll's opinion was not supported by substantial evidence and as "simply speculative ...." Doc. 20, at 3.  The case was therefore remanded for further analysis "in conjunction with the medical evidence of record." Id.

### III.  Legal Standard

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable.  The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award.  It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified.  The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified.  Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification.  See

-2-

<u>Miller v. United States</u>, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); <u>Weber v. Weinberger</u>, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); <u>see also Howard v. Heckler</u>, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988). In <u>Pierce</u>, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." <u>Pierce</u>, <u>supra</u>, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." <u>Id</u>., <u>citing</u>, <u>inter alia</u>, <u>Trident Marine Construction, Inc. v. District Engineer</u>, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. <u>Jankovich v. Bowen</u>, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in <u>Trident Marine Construction</u> to this application for attorneys' fees.

IV.  <u>Discussion</u>

The Commissioner's opposing memorandum (Doc. 23) raises two arguments. The Commissioner contends both that no fee award should be made because the Commissioner's litigation position was substantially justified, and also that the number of attorney hours for which Plaintiff seeks payment is unreasonable. The Court addresses the first issue first, because resolution of that issue in the Commissioner's favor renders the second issue moot.

-3-

The Commissioner asserts that her litigation position was substantially justified for these reasons.  She points out that the District Judge's opinion found only a single error here - the ALJ's rejection of the opinion of Dr. Carroll - and, as to that error, the Commissioner reasonably argued that the ALJ was correct in his analysis.  The Commissioner notes that the ALJ properly determined that Plaintiff did not have severe symptoms in between his hospitalizations and that he had been able to perform job-related duties which were more extensive than those described by Dr. Carroll.  Thus, she argues that reasonable persons could differ on the propriety of the ALJ's rejection of Dr. Carroll's views, which is sufficient to justify denying fees under the EAJA.

Plaintiff's argument on this point, found in his reply brief (Doc. 24), is straightforward.  He notes that all of the reviewing judges rejected the ALJ's reasoning about whether Dr. Carroll could accurately recall Plaintiff's condition prior to the expiration of his insured status, and that the Commissioner did not defend this part of the ALJ's rationale.  He then suggests that the subsidiary arguments were also unreasonable, although his primary point of contention is that the ALJ's decision was tainted by his conclusion about Dr. Carroll's ability to recall Plaintiff's condition some four years before, and that once that underpinning was removed, the balance of the ALJ's decision was not reasonably defensible.

The case law generally holds that "where the ALJ entirely failed to assign weight to a treating physician's opinion or provided perfunctory reasons for weight assigned, courts have found the Commissioner was not substantially justified in defending the ALJ's decision because it was in direct violation of the agency's own regulations."  <u>Irizarry ex rel. A.A. v. Comm'r of Social Security</u>, 2015 WL 261272, *3 (N.D. Ohio Jan. 21,

2015).  On the other hand, "[t]he Commissioner's decision to defend an ALJ's determination where he or she offers reasons for the decision may very well be substantially justified in most cases, even if those reasons ultimately fail to satisfy a reviewing court." Coy v. Astrue, 2013 WL 1411137, *3 (N.D. Ohio, Apr. 8, 2013).  Finally, as to the Commissioner's assertion that fees should not be awarded where a plaintiff prevails on only one of several claims, "it is of no import that the Plaintiff failed to succeed on all but one of his issues [footnote omitted].  The salient question is whether the Commissioner's position on the one successful claim was substantially justified." Morgan v. Comm'r of Social Security, 2014 WL 5023455, *3 (E.D. Mich. Oct. 8, 2014), citing Glenn v. Comm'r of Social Security, 763 F.3d 494 (6th Cir. 2014).

   The Report and Recommendation in this case notes that the ALJ provided a fairly extensive rationale for not affording controlling weight to certain parts of Dr. Carroll's opinion (he did adopt Dr. Carroll's conclusions about Plaintiff's being limited to sedentary work), and most of it was based on relevant factors such as the treatment history, treatment notes, and other activities which Plaintiff was able to perform.  The ALJ did not disregard the mandate of 20 C.F.R. §404.1527(c) to articulate reasons for the way in which the treating source opinion was evaluated - no articulation error occurred here - or to consider various factors in his evaluation.  Rather, this Court ultimately disagreed with the ALJ's characterization of some of that evidence as being supportive of the decision to discount Dr. Carroll's opinion.  That is a matter about which a reasonable argument could have been made, and the Commissioner's decision to make that argument and to submit the matter to the Court for adjudication was one which a reasonable person could have made.  The reasons given by the ALJ for his decision may not have been

-5-

correct, but they were not perfunctory and they tracked the analytical pattern required by applicable law.  That being so, the Commissioner has met the burden of establishing that her litigation position was substantially justified.  As a result, the application for attorneys' fees under the EAJA should be denied.

## IV.  Recommended Decision

Based on the above discussion, it is recommended that the Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act (Doc. 22) be denied.

## V.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions  of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp  
United States Magistrate Judge