IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rick Dale Fannin,                    :

      Plaintiff,                   :

   v.                                :  Case No.  2:13-cv-1097

                                :  CHIEF JUDGE EDMUND A. SARGUS, JR.
Commissioner of Social Security,
                             Magistrate Judge Kemp
      Defendant.                   :

REPORT AND RECOMMENDATION

     Judgement was entered in this case on March 11, 2015,
remanding the case to the Commissioner pursuant to 42 U.S.C.
§405(g), sentence four.  Plaintiff subsequently sought an award
of attorneys' fees under the Equal Access to Justice Act, 28
U.S.C. §2412, but that motion was denied.  Doc. 26.

     On February 4, 2016, Plaintiff's counsel moved for an award
of fees under 42 U.S.C. §406(b).  An amended motion was filed the
next day.  The Commissioner has responded, stating that the
motion will not be opposed.  For the following reasons, it will
be recommended that the motion be granted.

I.  Legal Standard

     The standards for reviewing a petition for attorneys' fees
under 42 U.S.C. §406(b) are set forth in some detail in the Sixth
Circuit's decisions of Rodriguez v. Bowen, 865 F.2d 739 (6th Cir.
1989) (en banc), and Hayes v. Secretary of HHS, 923 F.2d 418 (6th
Cir. 1991).  Rodriguez stands for the proposition that an award
in the amount of twenty-five percent of the past due benefits is
presumptively appropriate so long as it is derived from a
contingent fee contract between counsel and the claimant
permitting that amount to be charged.  Hayes concluded that "[a]
calculation of a hypothetical hourly rate that is twice the
standard rate is a starting point for conducting the Rodriguez
analysis," 923 F.2d at 422, noting that a fee in the amount of

twice the standard hourly rate is _per se_ reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate.

This is not to say that attorneys' fees petitions can never be scrutinized or discounted by the District Court.  Both Rodriquez and Hayes make clear that the District Court can reduce a fee request, especially one which asks for more than twice the normal hourly rate, if a disproportionate amount of the lawyer's time charged is for services ordinarily performed by clerical or paralegal staff; if the case is not particularly difficult or complex; if there was some improper or ineffective action taken by counsel during the course of the case; or if the fee was not truly contingent, as in the situation where no fee agreement is signed until after the benefits award has already been made. See, e.g., Damron v. Commissioner of Social Security, 104 F.3d 853, 856 (6th Cir. 1997).  Also, even in a case where the government has filed no response to the fee petition, "[d]espite the absence of an objection . . . a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination."  Lanham v. Secretary of HHS, 145 F.R.D. 409, 410 (E.D. Mich. 1992). Finally, in a case where the District Court awards benefits, any fee award must be limited to twenty-five percent of the benefits which accrued up to the date three months after the case became ripe for decision.  Dearing v. Secretary of HHS, 815 F.2d 1082 (6th Cir. 1987).

## II.  Analysis

These are the details of counsel's fee application.  Counsel seeks an award of $5,111.56 to be paid from Plaintiff's benefits award.  On remand, Plaintiff was found to be entitled to $106,849.00 in benefits, and counsel received a separate award of fees at the administrative level of $5,909.00.  There is a fee

-2-

agreement in this case which provides that the fee will not exceed 25% of past due benefits, and if an application for fees under the EAJA is denied, the fee application to the District Court will ask for the same amount as the EAJA application requested.

Also, according to the exhibits attached to the motion, counsel spent 27.50 hours rendering services to Plaintiff in this Court. The fee requested would compensate counsel at the rate of $185.87 per hour. Counsel's normal hourly rate is $250.00. He has, according to his affidavit, represented numerous plaintiffs in social security cases over the last 30 years.

Applying the factors set forth above, there is no indication that counsel did not perform satisfactorily or that the contingent fee agreement was not executed prior to the time that success was achieved. The itemization of services shows that counsel performed efficiently. A good result was achieved. Taking all of these factors together, the Court concludes that the fee requested is reasonable.

Consequently, the Court will recommend that the motion (Doc. 27, as amended by Doc. 28) be granted and that counsel be awarded fees in the amount of $5,111.56.

### III. Recommended Decision

For the above reasons, it is recommended that the motion for fees under §406(b) (Doc. 27, as amended by Doc. 28) be granted and that counsel be awarded the sum of $5,111.56 as attorneys' fees under 42 U.S.C. §406(b).

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).

-3-

A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge
